**HUA GUO, Ying Guo, Petitioners,**

v.

**Alberto GONZALES, Respondent.**

**Nos. 05–1577–ag(L), 05–1579–ag(Con).**

United States Court of Appeals, Second Circuit.

July 17, 2007.

---

Robert J. Adinolfi, Louis & Adinolfi, New York, NY, for Petitioners.

FOR RESPONDENT: Because the Court did not receive a brief from the respondent within fifteen days of the April 6, 2007 due date specified in the scheduling order issued on March 22, 2007, this case has been decided without the benefit of

respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Ying Guo and Hua Guo, citizens of the People's Republic of China, seek review of a March 14, 2005 order of the BIA affirming the November 17, 2003 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Guo, Ying Guo*, Nos. A73 626 706, A73 626 707 (B.I.A. Mar. 14, 2005), *aff'g* Nos. A73 626 706, A73 626 707 (Immig. Ct. N.Y. City Nov. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact, *see, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), and review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

■ As an initial matter, petitioners' ineffective assistance of counsel claim against Karen Jaffe is not properly before this Court because they did not exhaust this issue before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007), *reh'g en banc denied*, 489 F.3d 126 (2d Cir.2007). Accordingly, we dismiss this claim.

■ Substantial evidence supports the IJ's finding that Ying and Hua Guo failed to provide sufficient credible evidence to establish that their fear of mistreatment was on account of a protected ground. Neither the Guos nor their mother, Huang Guo, testified that their home was targeted for demolition because Huang Guo had violated the family planning policy. Rather, they each stated that the government informed them that "road, 104, got to go through there, your house got to be torn down." Although Huang and the petitioners did testify that they believed the government had refused to compensate them for the destruction of their home because Huang had violated the family planning policy, they each additionally made statements to the contrary. First, Huang stated at her airport interview that her home was destroyed because she is Christian.[1] In addition, both peti-

---

1. Although Huang denied having made this statement at her merits hearing, she did not challenge the accuracy of the airport interview transcript before the BIA, and therefore failed to exhaust that issue. *Lin Zhong*, 480 F.3d at 119–20. Neither does she meaningfully challenge the reliability of the document before this Court, stating only: "[a]ddressing the issue of the airport interview, such interviews are suspect." Petitioner's Brief at 15.

tioners testified that government officials told them that they would not be compensated for the destruction of their home because they had refused to vacate it in a timely manner. Accordingly, the IJ's determination that the petitioners did not demonstrate a nexus between their fear of mistreatment and a protected ground is supported by substantial evidence in the record, and thus, the IJ appropriately denied their applications for asylum or withholding of removal. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). We also note that the petitioners do not challenge the agency's denial of their applications for CAT relief, and deem any such claim waived. *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7. Accordingly, that aspect of each petition is dismissed.

■ However, the BIA did not address petitioners' argument that Hua Guo is eligible for asylum under the Child Status Protection Act ("CSPA"), 8 U.S.C. § 1158(b)(3), nor did it find that Hua Guo had waived this argument. Indeed, Hua Guo appears to be eligible under the CSPA, considering: (1) he is unmarried, (2) his mother filed her application when he was under 21 years old, (3) his mother's application was still pending when he turned 21 years old, and (4) his mother's grant of asylum occurred after the CSPA was in effect. The BIA's failure to consider whether Hua Guo is eligible under the CSPA is in direct conflict with the BIA's published decision in *In re Rodolfo Avila–Perez,* 24 I. & N. Dec. 78, 85 (B.I.A.2007), which held that an appeal will be sustained where the respondent "appears to be statutorily eligible" under the CSPA.

Accordingly, Ying Guo's petition for review is DISMISSED in part and DENIED in part. Hua Guo's petition for review is

Accordingly, we also deem the issue waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540,

DISMISSED in part, DENIED in part, GRANTED in part, and REMANDED for further proceedings consistent with this opinion. Having completed our review, petitioners' pending motion for a stay of removal in this petition is DENIED as moot.